*Kayser & Co.* (33 C. C. P. A. 179, C. A. D. 333). The claim of the plaintiff was therefore sustained.

**No. 52967.**—W. T. Grant Co. *v.* United States, protest 704267–G (Boston).

Opinion by RAO, J. It was stipulated that the merchandise is the same in all material respects as the gloves which were the subject of *United States* v. *Julius Kayser & Co.* (33 C. C. P. A. 179, C. A. D. 333). The claim of the plaintiff was therefore sustained.

**No. 52968.**—W. T. Grant Company *v.* United States, protest 910480–G/11096 (New Orleans).

Opinion by RAO, J. It was stipulated that the merchandise is the same in all material respects as the gloves which were the subject of *United States* v. *Julius Kayser & Co.* (33 C. C. P. A. 179, C. A. D. 333). The claim at 50 percent ad valorem under paragraph 915, plus any additional duty applicable under paragraph 924, was therefore sustained.

BEFORE THE THIRD DIVISION, MARCH 29, 1949

**No. 52969.**—Barrie Morell & Co. et al. *v.* United States, protests 63472–K, etc. (New York).

Opinion by EKWALL, J. It was stipulated that the issue herein is the same in all material respects as that presented in *Mamary Bros., Inc.* v. *United States* (21 Cust. Ct. 135, C. D. 1142). In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries involved. The protests were sustained to this extent.

**No. 52970.**—Atlantic Metal Hose Co., Inc., et al. *v.* United States, protests 54523–K, etc. (New York).

Opinion by EKWALL, J. It was stipulated that the issue herein is the same in all material respects as that presented in *Mamary Bros., Inc.* v. *United States* (21 Cust. Ct. 135, C. D. 1142). In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries involved. The protests were sustained to this extent.

**No. 52971.**—Acadia Manufactures Supply Co. et al. *v.* United States, protests 71003–K, etc. (New York).

Opinion by EKWALL, J. It was stipulated that the issue herein is the same in all material respects as that presented in *Mamary Bros., Inc.* v. *United States* (21 Cust. Ct. 135, C. D. 1142). In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling) as certified by the Federal Reserve bank and set forth by the collector on each of the entries involved. The protests were sustained to this extent.

**No. 52972.**—York St. Flax Spinning Co., Inc. *v.* United States, protests 57276–K, etc. (New York).

Opinion by EKWALL, J. It was stipulated that the facts and the issue herein are the same in all material respects as those presented in *Mamary Bros., Inc.* v. *United States* (21 Cust. Ct. 135, C. D. 1142). In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries involved. The protests were sustained to this extent.

**No. 52973.**—Austin, Nichols & Co., Inc., et al. *v.* United States, protests 105669–K, etc. (Los Angeles).

Opinion by EKWALL, J. For the reasons stated in *Austin, Nichols & Co., Inc.* v. *United States* (22 Cust. Ct. 33, C. D. 1155), the claim of the plaintiffs was sustained. The protests were overruled in all other respects.

**No. 52974.**—California Wines, Ltd. *v.* United States, protest 143715–K (Los Angeles).